IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DANIEL MARION,**

    Petitioner,

vs.                                                    Case No. 4:12cv254-SPM/CAS

**KENNETH S. TUCKER**, as Secretary of
Florida Department of Corrections,

    Respondent.

_____/

## ORDER DIRECTING RESPONSE TO MOTION

Petitioner Daniel Marion, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee. Docs. 1 and 2. Petitioner challenges the judgment of the Second Judicial Circuit Court, Wakulla County, dated September 10, 2008, in which he was convicted and sentenced to a total of twenty (20) years in prison. Doc. 1 at 2. He took a direct appeal and the judgment was affirmed without opinion on November 12, 2009. Doc. 1 at 3; Marion v. State, 23 So. 3d 113 (Fla. 1st DCA 2009) (table). The mandate issued December 1, 2009. Doc. 1 at 3. Thereafter, Petitioner indicates he filed several petitions, applications, and motions in

state court concerning this judgment.  Doc. 1 at 3-8.  From the information Petitioner provides, a few of these proceedings are still pending.

In particular, on the § 2254 petition form, Petitioner indicates he filed a Rule 3.800 motion in state court on August 30, 2010.  Doc. 1 at 3.  The trial court denied that motion and he appealed to the First District Court of Appeal (DCA).  *Id.* at 4.  Petitioner indicates the "date of result" as January 10, 2012, and that he filed a motion for rehearing on January 20, 2012, which is still pending.  *Id.*

Second, Petitioner indicates on the § 2254 form that he filed a petition for habeas corpus on August 30, 2011, and amended that petition on March 22, 2012.  *Id.* at 5.  Petitioner indicates this proceeding is still pending.  *Id.*

Third, Petitioner indicates that he filed a petition on or about March 24, 2012, to disqualify Judge Jackie Fulford.  *Id.*  This proceeding is still pending.  *Id.*  It is not clear from the information provided by Petitioner whether the petition concerns one of his other pending state proceedings.

Fourth, Petitioner indicates he filed a Rule 3.850 motion in the Second Judicial Circuit on or about April 25, 2012.  *Id.* at 6.  Petitioner indicates this proceeding is still pending. *Id.* at 7.

As to the first seven grounds raised in his § 2254 petition, Petitioner claims that he has raised each ground in state court in the amendment to his habeas corpus petition filed March 22, 2012, which proceeding he indicates is still pending.  Doc. 1 at 5, 9-17.  He does not indicate that he presented the claims on direct appeal or that he raised them in an earlier Rule 3.850 or other post-conviction motion.  As to grounds eight through eleven, Petitioner indicates he raised these claims in his Rule 3.850

motion, which was denied and affirmed on appeal.  Doc. 1 at 7, 17-19.

In an order dated July 13, 2012, this Court set forth the above circumstances.  Doc. 4.  The Court there advised Petitioner that, given the filing of his mixed § 2254 petition, he could either file an amended petition setting forth only the exhausted claims or file a notice of voluntary dismissal of his petition without prejudice to refile after exhausting all his claims.  *Id.*

In response to the Court's order, Petitioner filed an amended § 2254 petition containing additional claims.  Doc. 5.  Petitioner indicates the first seven claims have not yet been exhausted.  *See* Doc. 5 at 8-18.  Petitioner has also filed a motion to stay and abate the pending § 2254 proceeding, pending exhaustion of his unexhausted claims.  Doc. 5.

Respondent will now be required to file a response to Petitioner's motion to stay.  Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts.  Petitioner may file a reply to any of Respondent's arguments within the time set by this order, but is not required to do so.  Rule 5(e), R. Gov. § 2254 Cases in U.S. Dist. Cts.  Upon receipt of Respondent's response and Petitioner's reply, if any, the Court will review the file to determine whether a stay is warranted.

Accordingly, it is **ORDERED**:

1.  Ruling on the motion to stay (Doc. 5) is **DEFERRED**.

2.  The Clerk shall serve copies of the amended § 2254 petition and motion to stay (Doc. 5), and this order, on Respondent Tucker and the Attorney General of the State of Florida.

 3.  Respondent shall file a response to the motion to stay on or before **September 12, 2012.**

 4.  Petitioner shall file a reply, if any, no later than **October 12, 2012**.

**DONE AND ORDERED** on August 13, 2012.

        S/ Charles A. Stampelos
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**