**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DANIEL MARION,**

    Petitioner,

vs.                                         Case No. 4:12cv254-SPM/CAS

**KENNETH S. TUCKER, as Secretary of
Florida Department of Corrections,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Daniel Marion, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges the judgment of the Second Judicial Circuit Court, Wakulla County, dated September 10, 2008, in which he was convicted and sentenced to a total of twenty (20) years in prison. Doc. 1 at 2. He took a direct appeal and the judgment was affirmed without opinion on November 12, 2009. Doc. 1 at 3; Marion v. State, 23 So. 3d 113 (Fla. 1st DCA 2009) (table). The mandate issued December 1, 2009. Doc. 1 at 3. Thereafter, in his § 2254 petition, Petitioner indicates he filed several petitions, applications, and motions in state court concerning this judgment. Doc. 1 at 3-8. From the information Petitioner provided, a

few of these proceedings are still pending. Accordingly, this Court issued an order setting forth these circumstances and advising Petitioner that his § 2254 petition constituted a mixed petition and, therefore, he could either file an amended petition setting forth only the exhausted claims or file a notice of voluntary dismissal of his petition without prejudice to refile after exhausting all his claims. Doc. 4.

In response to the Court's order, Petitioner filed an amended § 2254 petition containing additional claims. Doc. 5. Petitioner indicated in this petition that the first seven claims have not yet been exhausted. *See* Doc. 5 at 8-18. Petitioner also filed a motion to stay and abate the pending § 2254 proceeding, pending exhaustion of his unexhausted claims. Doc. 5. This Court then required Respondent to file a response to Petitioner's motion to stay. Doc. 6.

Respondent has now filed a response, opposing the motion to stay. Doc. 14. Respondent has also filed exhibits containing documents from the state court record. *See id.* Though given an opportunity to do so, Petitioner has not filed a reply to Respondent's response. *See* Docs. 6, 9, 11, 13.

From the information provided to the Court, from both Petitioner and Respondent, Petitioner still has a petition for writ of habeas corpus pending in the state court. *See* Doc. 5 at 8-18; Doc. 14 at 4 and Exs. A, B, and C. The claims raised in that petition are raised in Grounds 1 through 7 of Petitioner's amended § 2254 petition. *See* Doc. 5 at 8-18; Doc. 14 at 4-5 and Exs. A, B, and C.

Pursuant to § 2254, an application for writ of habeas corpus "shall not be granted unless it appears that" the applicant "has exhausted the remedies available in the courts

of the State.  28 U.S.C. § 2254(b)(1)(A).  Furthermore, the statute provides that an applicant has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, if it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  It is well settled that, absent extraordinary circumstances, a federal court will not decide the merits of § 2254 claims until the claims have been exhausted in state court.  28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Conner, 404 U.S. 270, 275 (1971); see Rhines v. Weber, 544 U.S. 269, 277 (2005) (holding that district court has discretion to stay mixed habeas petition and explaining that "stay and abeyance should be available only in limited circumstances").

Petitioner has not exhausted the remedies available to him in the state courts because his petition for writ of habeas corpus remains pending in the state court.  Therefore, this case should be dismissed without prejudice to enable Petitioner to satisfy § 2254's exhaustion requirement.

Accordingly, it is respectfully **RECOMMENDED** that the amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, Doc. 5, be **DISMISSED without**

**prejudice**, that the motion to stay filed by Petitioner, Doc. 5, be **DENIED**, and that a certificate of appealability be **DENIED**.

    **IN CHAMBERS** at Tallahassee, Florida, on January 7, 2013.

    S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**